IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**[15] CARLOS A. RODRIGUEZ-ORTIZ,**<br>Defendant. | **CRIMINAL NO. 25-434 (PAD)** |

RECEIVED & FILED
CLERK'S OFFICE
JUL 07 2026
US DISTRICT COURT
SAN JUAN, PR

## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant **[15] CARLOS A. RODRIGUEZ-ORTIZ**, and Defendant's counsel, Wilfredo Diaz-Narvaez, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

CW

WDN

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count Two of the Indictment, in violation of 18 U.S.C. § 371 (conspiracy to commit bribery), incorporated by referenced herein.

2. **Maximum Penalties**

Count Two: The maximum statutory penalty for the offense is a term of imprisonment of not more than 5 years, pursuant to 18 U.S.C. § 371; a fine of not more than $250,000 pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

**3. Sentencing Guidelines Applicability**

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

**4. Special Monetary Assessment**

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

CRO
WDN

**5. Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996. **Defendant agrees to the entry of an order of restitution in favor of the victim, the Puerto Rico Department of Treasury, in the amount of $33,660.53, jointly and severally with co-defendant [1] Javier Relta-Lebron and [16] Red Point Pizza and Restaurant Corp**.

Defendant agrees not to sell, transfer, loan, assign, dispose, remove, conceal, waste, encumber, destroy, or otherwise devalue any property or asset worth more than $5,000 before sentencing and before satisfaction of any fine or restitution imposed, without the prior written approval of the United States. Defendant agrees to notify the United States in writing of any interest in any property or asset which is valued at more than $5,000 that Defendant may obtain, directly or indirectly, after execution of the Plea Agreement until the fine and restitution is paid in full. Defendant understands and agrees that Defendant's failure to comply with this provision of the Plea Agreement shall be considered a material breach of the Plea Agreement.

**6. Sentence to be Determined by the Court**

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

**7. Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that

the Court is not required to accept those recommended Guidelines calculations.

| **SENTENCING GUIDELINES CALCULATIONS COUNT TWO 18 U.S.C. § 371** | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2C1.1(a)(2) | | | | | 12 |
| Offense involved one or more bribes, U.S.S.G. § 2C1.1(b)(1) | | | | | +2 |
| Loss amount of over $15,000, U.S.S.G. § 2B1.1(b)(1)(C) | | | | | +4 |
| Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1 (a) & (b) | | | | | -3 |
| Zero Point Offender pursuant to U.S.S.G. § 4C1.1 | | | | | -2 |
| Two-level downward variance, pursuant to Paragraph 9 below | | | | | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | **11** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 8-14 | 10-16 | 12-18 | 18-24 | 24-30 | 27-33 |

CJW

WDN

**8. Sentence Recommendation**

As to Count Two, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that Defendant will request a sentence of 8 months of imprisonment and the United States will request a sentence of 14 months of imprisonment at Total Adjusted Offense Level of 11, regardless of the Total Adjusted Offense Level and criminal history category determined by the Court.

The parties agree that any recommendation by either party for a term below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

**9. Downward Variance for Early Acceptance of Responsibility**

The parties have agreed to recommend at sentencing that the Court grant a **two-level downward variance** from the applicable sentencing guidelines in recognition of Defendant's early acceptance of responsibility, which promotes the conservation of judicial and prosecutorial resources.

**10. No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

**11. Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is **14** months of imprisonment or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to, the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**12. No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be

free to ask for any sentence, either guideline or statutory.

**13. Satisfaction with Counsel**

Defendant is satisfied with counsel, Wilfredo Diaz-Narvaez, Esq., and asserts that counsel has rendered effective legal assistance.

**14. Rights Surrendered by Defendant Through Guilty Plea**

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront

those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**15. Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

**16. Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**17. Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

**18. Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

**19. Dismissal of Remaining Counts**

At sentencing should there be any pending counts, and should Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

**20. Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

**21. Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, or complaint which may have

previously been dismissed or which may have not been previously prosecuted.

**22. Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**23. Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

**24. Forfeiture Provision**

Defendant agrees to waive and forgo any interests or claims over any proceeds of the illegal activity pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c). Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant

acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money

judgment, is collected in full.

W. STEPHEN MULDROW
United States Attorney

Seth A. Erbe
Assistant U.S. Attorney
Chief, Financial Fraud & Public Corruption Section
Dated: 6/9/26

Marie Christine Amy
Assistant U.S. Attorney
Dated: June 9, 2026

[15] Carlos A. Rodriguez-Ortiz
Defendant
Dated: 7/7/26

Wilfredo Diaz-Narvaez, Esq.
Counsel for Defendant
Dated: 7/7/26

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 7/7/26

[15] Carlos A. Rodriguez-Ortiz
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 7/7/26

Wilfredo Diaz-Narvaez, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, Defendant **[15] CARLOS A. RODRIGUEZ-ORTIZ** admits that Defendant is guilty as charged in the Indictment and admits the following:

In support of his guilty plea, Defendant **[15] CARLOS A. RODRIGUEZ-ORTIZ**, admits that:

Between in or about September 2023, until in or about February 2025, Defendant did knowingly and willfully combine, conspire, and agree with other defendants and with others known and unknown to the Grand Jury to commit offenses against the United States, including federal program bribery, that is, to corruptly give, offer, and agree to give things of value to Defendant **[1] JAVIER RELTA-LEBRON** and others, public officials and agents of the Puerto Rico Department of Treasury (PRDT), an agency that received benefits in excess of $10,000 in each one-year period mentioned above under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance, with the intent of influencing and rewarding Defendant **[1] JAVIER RELTA-LEBRON** and other public officials in connection with any business, transaction, and series of transactions of PRDT valued at $5,000 or more as opportunities arose, that is, the elimination of taxes owed, evasion of taxes, and theft of funds.

Defendant, and others known and unknown to the Grand Jury, communicated regularly via interstate wire, including through WhatsApp and/or Apple iMessage,

with Person A to coordinate and accomplish the creation and submission of materially false information to the PRDT and to deliver payments, for the elimination of taxes owed, evasion of taxes, and theft of funds.

Defendant paid money in bribes and kickbacks through Person A to Defendant **[1] JAVIER RELTA-LEBRON**, as an agent of the PRDT, in exchange for his performance of official actions in creating and submitting materially false information into the PRDT's GenTax/SURI system favorable to them for the elimination of taxes owed, evasion of taxes, and theft of funds. The purpose of the conspiracy was for Defendant to benefit and enrich himself, and corruptly give, offer, and agree to give things of value to Defendant **[1] JAVIER RELTA-LEBRON**, a public official and agent of the PRDT. Defendant **[1] JAVIER RELTA-LEBRON** received the money in checks and/or cash and in person through Person A.

From on or about September 7, 2023, to on or about February 26, 2025, Defendant **[15] CARLOS A. RODRIGUEZ-ORTIZ** negotiated and paid Defendant **[1] JAVIER RELTA-LEBRON** more than one bribe payment in cash through Person A to erase and reduce tax debt totaling $33,660.53 for Defendant **[16] RED POINT PIZZA AND RESTAURANT, CORP.**

The scheme and artifice to defraud the PRDT resulted in a loss to the PRDT exceeding $3,500,000. Defendant is directly responsible for a loss amount of $33,660.53 together with co-defendants **[1] JAVIER RELTA-LEBRON and [16] RED POINT**

**PIZZA AND RESTAURANT, CORP.**

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical and documentary evidence, including audio and text messages, which would have proven beyond a reasonable doubt Defendant's guilt as charged in Count Two of the Indictment.

The above is merely a summary of certain facts relating to the charged offense and does not include, nor is it intended to include, all of the facts relating to his matter known to Defendant or the United States.

Discovery was timely made available to Defendant for review.

Marie Christine Amy
Assistant U.S. Attorney
Financial Fraud and Public
Corruption Section
Dated: ________________

[15] Carlos A. Rodriguez-Ortiz
Defendant
Dated: 7/7/26

Wilfredo Diaz-Narvaez, Esq.
Counsel for Defendant
Dated: 7/7/26